# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BARRY K. DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-1084-MDH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of his application for Social Security Disability Insurance and Supplemental Income Insurance benefits under Titles II and XVI of the Social Security Act. Plaintiff has exhausted his administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and affirms the Administrative Law Judge's ("ALJ's") decision.

## BACKGROUND

Plaintiff filed his applications for disability insurance benefits under Title II, and for SSI under Title XVI, on June 13, 2011. Plaintiff was born in 1960, and at the time of the alleged onset of disability was 48 years old. Plaintiff's work history was primarily as an electrostatic painter. Plaintiff alleges disability mainly due to lupus and heart problems.[1] Plaintiff's disability report states his joints were sore, which made it difficult for him to get up and down and made

---

[1] The ALJ's determination also addresses other alleged medical issues that the Court does not elaborate on for purposes of this Order.

him depressed.  Plaintiff alleged he became disabled beginning in October 2008.  However, he did not seek treatment for the alleged onset of disability until one year later in October 2009.

Plaintiff initially sought treatment in October 2009 at Truman Medical Center for back and leg pain and he complained that his "lupus [was] getting worse."  In March 2011, Plaintiff again visited Truman Medical Center with complaints of joint pain, lower back pain, itching on his scalp due to discoid lupus and sporadic left-sided chest pain increasing over the past 3-4 months.  At this time, over 2 years since Plaintiff alleges he became disabled, Plaintiff began further testing for lupus and a cardiology consultation was ordered.  Plaintiff underwent a coronary angiogram in April 2011 and then graduated from cardiac rehabilitation in October 2011.[2]  The medical records indicate Plaintiff's echocardiogram was normal, he was able to exercise without chest discomfort or shortness of breath and was encouraged to continue exercising at home.

On July 25, 2012, the ALJ denied Plaintiff's claim after conducting a hearing on July 3, 2012.  Plaintiff, and a vocational expert, testified at the hearing.  The vocational expert testified an individual with plaintiff's vocational profile and residual functional capacity could perform Plaintiff's past work as an electrostatic painter and housekeeper.  The vocational expert also testified such an individual could perform other available light unskilled jobs.

Plaintiff appealed the ALJ's determination.  The Appeals Council affirmed the ALJ's decision by letter dated September 11, 2013 and denied Plaintiff's request for review.  On appeal, Plaintiff submitted, for the first time, a Kansas City Missouri School District Transcript that contains a handwritten notation – "4/6/76 Stan. Binet 70."  The Appeals Council's letter

---

[2] Again, Plaintiff's full medical history is set forth in the record before the Court.  However, it is not fully restated herein as that is not necessary for purposes of this Order.

2

stated "in looking at your case, we considered your reasons you disagree with the decision and the additional evidence" submitted by Plaintiff.

Plaintiff's current appeal argues, among other things, that the Appeals Council failed to consider his new and material evidence, the school records indicating his IQ score of 70, and that the ALJ's determination is not supported by substantial evidence in the record as a whole.

## **DISCUSSION**

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), *citing Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id., citing Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id., citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006)*.*

### A. Plaintiff's Submission of New Evidence.

Plaintiff first argues the Appeals Council erred, as a matter of law, by failing to properly evaluate the new and allegedly material evidence he submitted after the ALJ's determination. On appeal, Plaintiff submitted, for the first time, a Kansas City Missouri School District Transcript containing a handwritten notation, "4/6/76 Stan. Binet 70." The Transcript further showed grades ranging from B-F. The Appeals Council acknowledged receipt of the additional evidence, but found that the new evidence did not provide a basis for further review of the ALJ's determination.

Here, the Court is presented with evidence submitted by Plaintiff after the ALJ issued his determination. When subsequent evidence is submitted, the court must determine whether the ALJ's decision "is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). The 8th Circuit has stated "this requires this court to decide how the ALJ would have weighed the new evidence had it existed at the initial hearing. As we have oft noted, 'this [is] a peculiar task for a reviewing court.' Critically, however, this court may not reverse the decision of the ALJ merely because substantial evidence may allow for a contrary decision." *Bergmann v. Apfel*, 207 F.3d 1065, 1068 (8th Cir. 2000),[3] *citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff asserts the additional evidence of his transcript showing an IQ of 70 should have provided a basis for the Appeals Council to remand the case to the ALJ for further evaluation of Plaintiff's impairment at Step Three of the sequential evaluation process. Plaintiff further

---

[3] In *Bergmann* there was evidence of Plaintiff's deteriorating condition that the Court found was relevant and material to the decision and therefore remanded the case back for reconsideration of the new evidence.

4

argues, in light of this evidence, the ALJ's findings are no longer supported by substantial evidence. This Court disagrees.

The ALJ's findings considered Plaintiff's age, education, work experience and residual functional capacity. While the ALJ did not have Plaintiff's purported IQ score in the record, the record did indicate Plaintiff attended school through the 9th grade, did not obtain a GED and attended special education courses. The ALJ further noted "claimant has a limited education." There is no evidence, taking Plaintiff's IQ score into consideration, that the ALJ erred in his determination that Plaintiff is not disabled under the relevant sections of the Social Security Act.

The record, taken as a whole, reflects Plaintiff worked in his field as an electrostatic painter for many years without any mental limitations. The ALJ's decision notes "in terms of credibility, the claimant's allegations are not credible." The ALJ's in-depth analysis discusses both the medical records and documentation in the record, as well as Plaintiff's testimony at the hearing.

This Court finds there is substantial evidence in the record to support the ALJ's finding. The additional evidence, submitted by Plaintiff after the ALJ's determination, was considered by the Appeals Council and made part of the record. The Court does not find that remand of the case to the ALJ was required. As such, the determination is affirmed.

**B. Plaintiff's Impairments at Step Three of the Sequential Evaluation.**

Plaintiff next argues the ALJ erred because he found Plaintiff did not have an impairment or combination of impairment that met or medically equaled in severity listing sections 4.02, 4.04 or 14.02. Plaintiff states the new and material evidence of Plaintiff's IQ requires additional analysis under Step Three.

5

The ALJ found that Plaintiff had the following impairments: coronary artery disease status post stenting, discoid lupus, and diffuse degenerative joint disease of the elbows and knees under 20 CFR 404.1520(c) and 416.920(c). The ALJ stated "based on the hearing testimony and medical evidence" Plaintiff's impairments cause more than minimal limitations in the claimant's ability to perform basic work activities and were factored into the residual functional capacity. However, the ALJ further found that the medical evidence does not support a disabling medical condition that would preclude work for 12 months.

The Court's review of the record shows that the ALJ's analysis is supported at Step Three by the testimony and medical evidence. Plaintiff's argument that new evidence, his high school transcript, would change the analysis is unfounded.

In *Mackey v. Shalala,* the 8th Circuit discussed a similar issue with regard to intellectual testing evidence submitted after the ALJ's determination. 47 F.3d 951 (8th Cir. 1995). In *Mackey,* the ALJ found that Mackey had residual functional capacity to perform full range sedentary work and therefore was not disabled. *Id.* at 952. Mackey then requested review by the Appeals Council and submitted a report that stated he had an IQ score of 65. *Id.* On appeal, Mackey argued, for the first time, he had an impairment under 20 C.F.R. Part 404, Subpart P, App. 1, Listing 12.05C. *Id.* The Appeals Council denied review. *Id.*

The 8th Circuit stated the reviewing court does not need to always consider post-hearing medical reports which suggest an impairment not argued before the ALJ. *Id.* "When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Secretary." *Id.* at 953. As stated above, the reviewing court then has the peculiar task of deciding whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence. *Id.* In *Mackey,* the

6

Court held the appeals council was not required to conclude listing 12.05C was met by a lone IQ score of 65 where that score was inconsistent with the medical evidence before the ALJ. *Id.* The Court gave considerable deference to the record that established nothing in Mackey's prior work history or education background and nothing in the medical evidence to support an IQ so low as to reflect mild mental retardation. *Id.* The 8th Circuit held that the post-hearing new evidence did not establish a 12.05C listing impairment. *Id.*

Similarly, here the alleged 12.05C listing impairment was not raised before the ALJ. However, even taking the record as a whole, this Court finds the ALJ's determination is substantiated by the evidence. The ALJ had evidence regarding Plaintiff's prior work history, education history and also heard Plaintiff's testimony at the hearing. There was no evidence Plaintiff's prior work history was ever affected by his educational background or any other evidence to support that the IQ score would change the ALJ's determination. The new post-hearing evidence alone does not establish a 12.05C listing impairment, nor does it require remand for further review. The ALJ's determination is supported by substantial evidence in the record as a whole, including the new evidence, and as such the Court affirms the determination.

### C. **Plaintiff's Impairments at Steps Four and Five of the Sequential Evaluation Process.**

Plaintiff argues the ALJ erred in his analysis at these steps because the evidence did not support his findings and the ALJ did not give weight to the opinion of the State Agency. First, the ALJ noted that the "claimant does not allege, the record does not demonstrate, and no treating, examining or reviewing physician or psychologist of record has opined that the claimant has any impairments, either singularly or in combination, that meet or medically equal the criteria contained in the Listing of Impairments. The Claimant has the burden of proof at this step in the sequential evaluation process and, accordingly, has not met it." Nonetheless, the ALJ

7

considered the entire record and found the evidence did not establish that claimant had met the criteria.

First, the ALJ stated after careful consideration of the evidence, in light of the claimant's medical records *and* claimant's own statements concerning the intensity, persistence and limiting effects of his symptoms, he found Plaintiff's statements were not credible. The ALJ stated the claimant's testimony was inconsistent with the residual functional capacity assessment, as well as his own lack of treatment with regard to his allegations. The ALJ found, based on the record, claimant's testimony was inconsistent with the evidence before him. The ALJ's findings are supported by substantial evidence in the record.

This Court does not re-weigh the evidence presented to the ALJ and defers to the ALJ's determinations regarding the credibility of testimony, so long as it is supported by substantial evidence. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005). Further, a claimant's subjective complaints may be discounted if there are inconsistencies in the record as a whole. *Id.* Here, the ALJ noted that Dr. Fortune, a treating physician, opined that the claimant could perform normal activities and noted no limitations. Further, although plaintiff experienced cardiac symptoms in 2011, he completed cardiac rehab and there is no further evidence of limitations. Plaintiff's lupus appears to only cause skin problems, primarily limited to his head. No significant treatment appears in the medical records for this diagnosis. As such, the ALJ found the medical record supported by a preponderance of the evidence the residual functional capacity given to Plaintiff.

Further, the ALJ gave minimal weight to the state agency's Decision and Order because it was issued for a purpose entirely different than the issue before him – determining eligibility for disability benefits. Further, the state agency follows different laws and regulations than those

used here. As such, the ALJ found the state's decision was not helpful in his determination and gave it "minimal weight." Plaintiff has provided nothing to establish that the ALJ's determination is not supported by the evidence in the record.

### D. Plaintiff's Credibility.

Finally, Plaintiff argues the ALJ erred as a matter of law in evaluating Plaintiff's credibility. In determining credibility, an ALJ should consider the claimant's prior work history; and observations by third parties and treating and examining physicians relating to daily activities; duration, frequency and intensity of the pain; dosage, effectiveness and side effects of medications; precipitating and aggravating factors; and functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). However, an ALJ "need not explicitly discuss each Polaski factor." *See Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). If there are inconsistencies as a whole, it is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints. *Id.* Here, the ALJ's determination considered and discussed the *Polaski* factors and why he believed the medical evidence was inconsistent with Plaintiff's testimony. As such, the ALJ did not commit error and was in a better position than this Court to assess Plaintiff's credibility. *See Id.*

## CONCLUSION

For the reasons set forth herein, the ALJ's final determination, and the Appeals Council's decision affirming the ALJ's determination, are **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: January 6, 2015

                                          */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**